**IT IS ORDERED as set forth below:**

**Date: June 27, 2018**

_____
**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| In Re:<br>FRANK D. SMITH<br>*aka Frank D. Smith, Jr.* and<br>AVA SMITH,<br><br>                               Debtors. | CHAPTER 13<br><br>CASE NO. **14-40250-BEM** |
| **U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE NRZ PASS-THROUGH TRUST X,**<br><br>                               Movant,<br>V.<br><br>**FRANK D. SMITH and<br>AVA SMITH, DEBTORS**, and<br>**MARY IDA TOWNSON**, Trustee,<br>                               Respondents. | CONTESTED MATTER |

**ORDER DENYING MOTION FOR RELIEF**

This matter arose upon the Motion of U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE NRZ PASS-

THROUGH TRUST X, its successors or assigns, (hereinafter referred to as "Movant"), for Relief from the Stay of 11 U.S.C. § 362 filed on March 28, 2018 (Doc No. 68), scheduled by Movant for hearing on April 25, 2018 and upon notice which Movant contends was given to all parties in interest. The hearing on the Motion was subsequently rescheduled for May 25, 2018 and June 6, 2018. For the purposes of this hearing, Debtors and Movant stipulate the following:

Movant contends it has a valid, binding and perfected security interest in 377 Persons Rd, Cedartown, GA 30125, (hereinafter referred to as "Collateral"); Movant holds a secured claim in the Collateral in the original amount of $92,500.00 pursuant to a Note, secured by a Deed to Secure Debt, dated October 2, 2001, as recorded and more particularly described in public records at Deed Book 785, Page 22, Polk County Records; at the time the Motion for Relief was filed, Debtors were behind in the post-petition mortgage payments to Movant.

The post-petition arrearage through June 6, 2018, totals $4,805.97, consisting of the March 1, 2018 through April 1, 2018 monthly payments at $1,127.15, May 1, 2018 through June 1, 2018 monthly payments at $1,129.50 each, attorney's fees and costs of $1,031.00, less suspense balance of $738.33.

Movant claims it is not now adequately protected, but Debtors assert the Collateral is necessary for Debtors' rehabilitation. Accordingly, from the foregoing stipulations, the parties agree that:

1. The amount of post-petition arrearage owed by Debtors as of June 6, 2018 is $4,805.97, and it shall be paid as set forth below;

    A. Debtors shall pay directly to Nationstar Mortgage LLC *instanter* in the amount of $1,129.50.

    B. The balance of said post-petition arrearage $3,676.47 shall be paid in nine (9) monthly payments, made up of eight (8) monthly stipulated payments in the amount of $408.49 beginning July 15, 2018, with the final stipulated payment, in the amount of $408.55 due March 15, 2019. Debtor's regular monthly mortgage payments shall resume with the payment due July 1 2018. Payment shall be sent to: **Nationstar Mortgage LLC, P.O. BOX 619094, Dallas, TX 75261-9741.** In the event that the regular monthly mortgage payment changes, Debtor shall pay the modified payment amount on the first (1st) day of each month.

2. Upon delinquency by Debtors in the payment of any sum specified herein, or in any regular monthly mortgage payments which come due according to Movant's Note and Deed for a period of eighteen (18) months from the first payment owed under this Order, or if before the expiration of the period of eighteen (18) months Debtor is discharged or this bankruptcy proceeding is dismissed or converted to another chapter under the Code, Movant may be permitted to recover and dispose of the Collateral pursuant to applicable state law only after submitting a Delinquency Motion (as more particularly described below) and the entry of an order modifying the automatic stay of 11 U.S.C. § 362 in the following manner:

A. Counsel for Movant shall serve both Debtors and Debtors' counsel of record with written notice of the specific facts of the delinquency (the "Delinquency Notice"); said notice may be contained in a letter but shall

 (1) state that Debtors may cure the delinquency within ten (10) calendar days of receipt of said notice in certified funds, and

 (2) shall specifically provide the correct street address for mailing and delivering such payment; Pursuant to this Order, Debtors shall be presumed to have received the Delinquency Notice on the fifth (5th) calendar day following the mailing of said notice by Counsel for Movant; provided, however, that

  (a) the Delinquency Notice is properly addressed to Debtors at the address set forth on the Docket, unless Movant or Counsel for Movant receives notice in writing of a change in Debtors' address within a reasonable time prior to the mailing of the Delinquency Notice; and

  (b) the Delinquency Notice is not returned to Counsel for Movant by the U.S. Postal Service as undeliverable by reason of improper address.

B. If Debtors fail to cure the delinquency within ten (10) days of receipt of said written notice, Counsel for Movant may present to the Court, after service on both the Debtors and Debtors' counsel:

(1) a motion, which must contain allegations of the specific facts of the delinquency; provided, however, that, instead of alleging the facts of the delinquency in the motion, the motion may be accompanied by an affidavit from Movant setting forth the specific facts of the delinquency;

(2) a copy of the Delinquency Notice;

(3) Thereupon the Chapter 13 Trustee will have twenty (20) days from the date of the filing of the Affidavit and notice to file a motion to convert the case to one under Chapter 7 or a motion to sell the property.

(4) Upon expiration of twenty (20) days, if the default is not cured and the Chapter 13 Trustee has not filed a response, the Court may enter an order modifying the stay as to the Collateral, without further hearing.

(5) In the event relief from the automatic is later granted, the Trustee shall cease funding any balance of Movant's claim and the provisions of Fed. R. P. 4001 (a)(3) may be waived.

(6) Upon completion any foreclosure sale, any funds in excess of the amount due to Movant and to any subordinate lienholder(s) properly entitled to receive proceeds under applicable state law, shall be paid to the Trustee for the benefit of the estate.

By consent, therefore, it is hereby

ORDERED that Motion is denied and the agreement of the Movant and Debtors as set forth above is *approved.*

**END OF DOCUMENT**

Prepared by:                                             Read and Approved by:

 /s/ Taylor S. Mansell                                    /s/ W. Jeremy Salter with express permission
Taylor S. Mansell                                         W. Jeremy Salter
Georgia Bar No. 940461                                    Georgia Bar No. 303979
211 Perimeter Center Parkway, N.E.                        Salter & Salter, P.C.
Suite 300                                                 P.O. Box 609
Atlanta, GA 30346                                         Rome, GA 30162
(770) 220-2535                                            (706) 295-1300
tmansell@LOGS.com                                         **Attorney for Debtors**
**Attorney for Movant**

No Opposition:

 /s/ Sonya M. Buckley with express permission
Sonya M. Buckley, Staff Attorney
Georgia Bar No. 140987
Mary Ida Townson
Suite 2200
191 Peachtree Street, NE
Atlanta, GA 30303-1740
(404) 525-1110
**Attorney for Chapter 13 Trustee**

## **DISTRIBUTION LIST**

Frank D. Smith
377 Persons Rd
Cedartown, GA 30125

Ava Smith
377 Persons Rd
Cedartown, GA 30125

W. Jeremy Salter
Salter & Salter, P.C.
PO Box 609
Rome, GA 30162

Mary Ida Townson
Chapter 13 Trustee
Suite 2200
191 Peachtree Street, NE
Atlanta, GA 30303-1740

Shapiro Pendergast & Hasty, LLP
211 Perimeter Center Parkway, N.E.
Suite 300
Atlanta, GA 30346